### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20800-Civ-TORRES

KATHRYN GROVES,

        Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

        Defendant.

_____/

### OMNIBUS ORDER

This matter is before the Court on various pending motions in the case now set for trial the week of October 18, 2010.  After considering the arguments raised in the parties' briefs and the materials filed in support of and opposition to these motions filed by Defendant Royal Caribbean, the Court's rulings are set forth below.

As a preliminary matter, and as no other proposed specially set trial dates were agreed to by the parties following the entry of the Court's May 13, 2010 [D.E. 41] Order, the trial in this case is CONTINUED and specially set to begin Monday, **October 25, 2010,** at 9:00 a.m.  The Pretrial Conference shall be RESCHEDULED for Friday, **October 22, 2010,** at 10:00 a.m.  Trial and the Pretrial Conference shall be held at the **U.S. Courthouse, James Lawrence King Building, 99 N.E. 4th Street, Tenth Floor, Courtroom 5, Miami, Florida.**

## <u>Defendant's Motion for Leave</u>

Defendant's Motion for Leave to File [D.E. 42] a summary judgment motion in advance of trial is GRANTED.  Though Plaintiff is correct that the motion is untimely, the Court's review of the motion, plus the record as a whole, shows that there is good cause to consider whether the Defendant's arguments have any merit, which would eliminate the necessity of a trial in the case altogether.  The burden on the Plaintiff is minimal, in having to respond to the motion, as compared to the prejudice to Defendant and the judicial system if an otherwise possibly meritorious motion is not considered.  And given that there is still some time left before trial, and the Court's willingness to consider the motion on an expedited basis upon being ripe, the prejudice to Plaintiff is further lessened.  Defendant shall, therefore, file on the Court's docket the proposed motion attached to this motion for leave, and Plaintiff shall respond in accordance with Fed. R. Civ. P. 56.

## <u>Defendant's Motion to Compel</u>

Defendant's Motion to Compel [D.E. 43] production of Plaintiff's shoes, worn on the date of the occurrence in question, is GRANTED.  The discovery request was indeed timely, although Plaintiff is correct that this particular motion should have been filed earlier if deemed necessary.  But given the relatively minor prejudice to Plaintiff from allowing an inspection of these items, the motion will be Granted.  Plaintiff shall make the shoes available for inspection, for a period of time not exceeding one hour, to be conducted by Defendant's expert at the offices of Plaintiff's counsel.

## <u>Defendant's Motions in Limine</u>

Defendant has filed two separate motions in limine [D.E. 44, 45] relating to expert testimony proffered by Plaintiff in this case. The Court has reviewed the motions and supporting materials and finds that an evidentiary hearing related to the *Daubert* issues raised is not necessary.

The decision to admit or exclude the testimony of a proposed expert is within the discretion of the trial court. *Cook v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005) (citing *United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004)). A court enjoys "considerable leeway" in determining the admissibility of expert testimony. *Id.* The admission of expert testimony is governed by Fed. R. Evid. 702,[1] as explained by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005).

The party offering the expert testimony carries the burden of laying the proper foundation, and admissibility must be shown by a preponderance of the evidence. *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). The trial court must function as a gatekeeper and engage in a three-part inquiry to determine whether (1) the expert is qualified to testify competently regarding the matters he intends to

---

[1]    Rule 702 states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. 2001) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993)). The Eleventh Circuit has referred to these requirements as the "qualification," "reliability," and "helpfulness" prongs and, although there is inevitably some overlap, they remain distinct concepts that must be individually analyzed. *Frazier*, 387 F.3d at 1260.

The Court's analysis must keep in mind that "it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd*, 326 F.3d 1333, 1341 (11th Cir. 2003); *Maiz v. Virani,* 253 F.3d 641, 666 (11th Cir. 2001) ("A district court's gatekeeper role under *Daubert* 'is not intended to supplant the adversary system or the role of the jury.'" (quoting *Allison,* 184 F.3d at 1311)). "Quite the contrary, 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Quiet Technology,* 326 F.3d at 1341 (quoting *Daubert,* 509 U.S. at 596).

In determining the reliability of an expert opinion, the Court considers:

(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

*Quiet Technology*, 326 F.3d at 1341 (citing *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002)).  This list of factors, however, does not exhaust the different considerations that may bear on the reliability of an expert opinion.  *Id.* (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999)).  "A federal court should consider any additional factors that may advance its Rule 702 analysis."  *Id.* Some of those factors may apply in a given case, while others may not.  "Whether the *Daubert* opinion factors are even pertinent to assessing reliability in a given case will depend[ ] on the nature of the issue, the expert's particular expertise, and the subject of his testimony."  *United States v. Brown*, 415 F.3d 1257, 1268 (11th Cir. 2005) (quoting *Kumho Tire*, 526 U.S. at 150).  Expert testimony must be excluded if the reasoning or methodology underlying the opinion is scientifically invalid, or if the methodology cannot properly be applied to the facts.  *Daubert*, 509 U.S. at 592.

The first motion in limine deals with the expert testimony of Plaintiff's engineering expert, Ronald Zollo.  Defendant argues that the expert's physical observation of a sloping condition in the subject area was not sufficient for him to render a reliable opinion because he did not conduct any testing of the area and could not compare it to what would be an acceptable standard for this type of vessel. Combined with other deficiencies, Defendant concludes, the expert's testimony is both unreliable and unhelpful, and thus inadmissible under Rule 702.  A timely opposition has not been filed.  Accordingly, this motion could be granted by default, plus there appear to be valid concerns raised by the motion warranting an order limiting this expert's testimony.

Yet, as the Court is simultaneously granting the motion for leave to file a summary judgment motion, which motion raises in part similar deficiencies as a basis for the Court to find in Defendant's favor as a matter of law, the Court will grant this motion in limine but allow Plaintiff leave to show the Court, if a compelling argument can be made, why the expert should be permitted to testify if the summary judgment motion is not granted.  Plaintiff may defer filing any motion for reconsideration until the date when her response to the summary judgment motion is due.

The second motion deals with Plaintiff's medical expert, Dr. David B. Keyes, who is proffered as a medical expert who can opine as to the nature of Plaintiff's injuries. The motion first seeks an Order limiting the doctor to only those opinions that were disclosed in his expert report, notwithstanding any additional opinions the doctor theorized he could proffer at a later date.  The motion also seeks to limit the doctor's testimony by not allowing him to interpret MRI films.  Again, a timely response has not been filed.

The Court will Grant the first part of the motion by default and based upon the good cause shown in the motion.  Clearly, under Rule 26 the doctor's testimony at trial shall be limited to what was disclosed in his expert summary/report.  Notwithstanding the absence of a response, however, the second relief requested so clearly lacks merit that the Court will not grant it by default.  That aspect of the motion is Denied as a trained medical doctor, who regularly reviews and interprets radiography and MRI data, can similarly interpret such data for a jury based upon his years of experience. There is no rule that only a radiologist or imaging technician can render a helpful and reliable opinion in Court with respect to MRI films.  And as no case was cited by the

motion to that effect, and the Court has also found none, there appears to be no basis

under Rule 702 to grant the Defendant's motion.  Thus, in the interests of justice, the

motion will be Denied on this issue.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of

August, 2010.

                */s/ Edwin G. Torres*

                EDWIN G. TORRES
                United States Magistrate Judge