# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20800-CIV-TORRES

CONSENT CASE

KATHRYN GROVES,

       Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

       Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court upon Plaintiff's Motion for Reconsideration [D.E. 101] of the Court's Order granting in part Defendant's Motion for Summary Judgment and the Court's earlier Orders regarding Expert Ronald Zollo's testimony. The Court has reviewed the motion, the response, the reply, and the record in the case. The Court also heard argument on the pending motion at a pretrial conference conducted on this date. The motion for reconsideration will be Denied.

1. The Court has reviewed the issues raised once again in response to the pending motion for reconsideration, which motion argues that the Court's ruling on the Plaintiff's negligent design claim was erroneous.

2. Upon due reconsideration, the Court reaffirms the conclusions reached in the Court's Order entered December 8, 2010, that entered summary judgment on Plaintiff's negligence claim to the extent that it was based on a negligent design

theory.  The premise of Plaintiff's argument, as reiterated at the pretrial conference conducted on this date, is that Defendant is responsible as ship operator for injuries related to the negligently designed waiter station and dining room space.  Plaintiff concedes, however, that there is no evidence in this record that Defendant actually participated in or approved of the design of these areas near the dining room where Plaintiff was injured.  For the reasons set forth in the Court's original order, the absence of such evidence is fatal to this negligence claim to the extent that it is based on that negligent design theory.

3.     Following entry of this Court's Order, the Court became aware of additional authority from this District and affirmed by the Eleventh Circuit that squarely supports this proposition.  Judge Dimitrouleas granted summary judgment in part on a negligent design claim involving a fall on a staircase on a different vessel, precisely because no evidence of that ship operator's participation in the design and installation of that staircase. *Rodgers v. Costa Crociere, S.P.A.,* No. 08-60233 (S.D. Fla. 2010).  Like the Order at issue in our case, Judge Dimitrouleas denied the defendant's motion to the extent that it was based on a negligent maintenance and failure to warn theory.  After a jury verdict against the plaintiff on that negligence claim, the plaintiff appealed the summary judgment order to the Eleventh Circuit.  In an unpublished opinion entered just days after this Court's Order, the Eleventh Circuit affirmed because "there was no evidence whatsoever that [the ship operator] actually designed the stairs or the hand rails." *Id.*, No. 09-15247 (11th Cir. Dec. 13, 2010).

4.      We reached the very same conclusion in this case, where we granted the summary judgment motion on the negligent design theory but denied it on other negligence theories advanced in the complaint.  The *Rodgers* decision only reaffirms that our conclusion was correct under the law.

5.      And because no negligent design theory is possible in this case, the expert's testimony as to the design flaws in the relevant areas of this vessel is moot. The Court will thus not reconsider its earlier Order excluding this expert's testimony from this trial, which was also based upon independent procedural grounds.

Accordingly, for these reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [D.E. 101] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of January, 2011.

/s/   *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge