UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20800-Civ-TORRES

KATHRYN GROVES,

       Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

       Defendant.
_____/

**ORDER ON MOTION FOR BILL OF COSTS; FINAL COST JUDGMENT**

       This matter is before the Court on Defendant's Motion for Bill of Costs [D.E. 130]. The motion was timely filed as per S.D. Fla. Local R. 7.3, following a Final Judgment entered in Defendant's favor upon the jury's verdict at trial. No response in opposition to the motion was timely filed by Plaintiff. Accordingly, after due consideration of the motion, related filings, and the record in this case, the motion will be Granted in Part. Final Judgment for taxable costs is incorporated herein.

### I.   BACKGROUND

       Plaintiff Kathryn Groves ("Groves") was a passenger on the M/S Freedom of the Seas, a cruise ship owned and operated by Defendant Royal Caribbean Cruises, Ltd. ("Royal Caribbean"). While exiting the dining area of the vessel on the last day of her voyage, Groves slipped and fell when she stepped backwards from the carpeted area

onto the granite hard floor near a waiter station located near her dining table. Groves sustained injury to her knee as the result of the fall.

On March 27, 2009, Groves filed a single-count complaint in this Court alleging that Royal Caribbean was liable for her injuries due to the negligent design of the area in the dining room where the accident occurred, as well as Royal Caribbean's failure to inspect, maintain, or repair the area where the accident occurred and failure to warn passengers of the dangerous slippery condition. The Court granted summary judgment on the negligence claim to the extent it was based upon a negligent design theory, and denied summary judgment on the remaining theories alleged.

The matter went to trial before a Jury on January 12, 2011. After presentation of evidence by both sides, the jury returned a verdict on January 14, 2011, finding in favor of Royal Caribbean on the liability prong of Grove's negligence claim. The Court then entered Final Judgment in Royal Caribbean's favor on January 18, 2011. [D.E. 129]. Notice of appeal from that Final Judgment has been filed.

In the interim, Royal Caribbean filed its pending motion for bill of costs, seeking to tax costs against Groves as prevailing party in the action, pursuant to Fed. R. Civ. P. 54. The motion is supported by appropriate documentation as required by Local Rule 7.3. No challenge or opposition has been filed by Groves as to any of the itemized costs included in the motion, which seeks entry of a cost judgment in the total amount of $13,100.21.

## II.   ANALYSIS

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920.[1] *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920).

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall outside the scope of this statute or were otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

Based on the absence of any objection as to any particular cost, we find that Royal Caribbean should be awarded most of the taxable costs requested in the pending

---

[1]   The following costs are permitted under 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under 28 U.S.C. § 1923;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

motion. We have not awarded every single cost item requested, however, based upon the Court's independent duty to properly enforce the statute that governs this matter, section 1920. Except as set forth below, however, we have reviewed the descriptions of the costs requested and the supporting documentation, from which we independently find that they are reasonable and fall within the limited scope of recoverable costs included in section 1920. They include compensable service fees at reasonable rates, photocopying charges that have been itemized and supported to evidence their necessity in the case, and witness fees and reasonable subsistence charges necessary for presentation of relevant witnesses at trial. They are, therefore, full taxable under section 1920.

The exceptions to this finding relate first to certain items included for reimbursement under section 1920(2) for stenographic transcripts incurred in the action. A prevailing party may recover "[f]ees of the court reporter for all or any stenographic transcript necessarily obtained for use in the case ... ." 28 U.S.C. § 1920(2). "The question of whether costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." *EEOC v. W&O, Inc.,* 213 F.3d 600, 620-21 (11th Cir. 2000) (citations omitted). The decision to award deposition costs is within the discretion of the district court. *Id.* "A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n,* 830 F.2d 522, 528 (4th Cir. 1987) (citation omitted). *See also Tang How v. Edward J. Gerrits, Inc.,* 756 F. Supp. 1540, 1545-46 (S.D. Fla. 1991).

Whether transcripts have been "necessarily obtained for use in the case," or merely for the convenience of counsel, is to be determined on a case-by-case basis. *See, e.g., Desisto Coll., Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1998). In determining the necessity of a deposition, the deposition must only appear to have been reasonably necessary at the time it was taken, regardless of whether it was ultimately used at trial. *See EEOC,* 213 F.3d at 620-21.

Trial transcription costs may also be taxable under this subsection, but again only if truly necessary for presentation of the case at trial, and not solely for convenience of counsel. *See, e.g., Virginia Panel Corp. v. Mac Panel Co.,* 887 F. Supp. 880, 886 (W.D. Va. 1995), *aff'd,* 133 F.3d 860 (Fed. Cir. 1997).

Here, the amounts requested largely include deposition transcripts of parties and witnesses who testified or could have testified at trial. These transcripts are fully compensable. Incidental charges relating to depositions, however, like conference call charges or conference room deposits, are not directly related to the transcripts themselves. They are thus miscellaneous costs that are not included within the literal scope of the subsection, nor are they compensable otherwise. Similarly, a transcript of a pretrial conference is not necessarily compensable unless used at or for trial preparation. And we do not see how that transcript was used in this case, except for general trial preparation or convenience of counsel. That transcript is also not compensable. Therefore, the amount requested under this subsection is approved but reduced by $1,054.26.

Second, the bill of costs includes a small charge for long distance charges incurred throughout the case. These overhead type expenses are not compensable under any provision of section 1920. *See, e.g., O'Bryhim v. Reliance Standard Life Ins. Co.,* 997 F. Supp. 728, 737-38 (E.D. Va. 1998), *aff'd,* 188 F.3d 502 (4th Cir. 1999). Therefore, the amount requested must be reduced by an additional $389.87.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Royal Caribbean's Motion for Bill of Costs [D.E. 130] is **GRANTED** in part. The Court finds that the costs requested are taxable but only for a total amount of $11,656.08.

2. Pursuant to Fed. R. Civ. P. 58, a Final Cost Judgment is entered and incorporated herein, in Royal Carribean's favor and against Plaintiff Kathryn Groves, for that amount ELEVEN THOUSAND SIX HUNDRED FIFTY SIX DOLLARS AND EIGHT CENTS ($11,656.08), for which sum let execution issue thirty days after this date, as per S.D. Fla. L.R. 62.1 unless such amount is otherwise bonded.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of March, 2011.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge